IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | | |
|---|---|---|
| VICTORICO PEREZ-MORALES, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| HOBART CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants ITW Food Equipment Group LLC ("ITW FEG") (incorrectly sued as Hobart Corporation) and Illinois Tool Works Inc. ("ITW") (collectively "Defendants") hereby give notice of the removal of a civil action, Docket No. MON-L-500-11, from the Superior Court of New Jersey, Law Division, Monmouth County (the "state action") to the United States District Court for the District of New Jersey, Trenton Division. Removal of this action to this Court is proper under 28 U.S.C. §§ 1446 and 1441(a) for the reasons set forth below:

1. On February 23, 2011, Defendants received a copy of the Summons filed in the state action on February 18, 2011 and the Complaint and Civil Case Information Statement filed in the state action on January 27, 2011. The receipt of the Summons, Civil Case Information Statement, and Complaint was Defendants' first notice of the lawsuit. (Copies of the documents filed in the state action are attached as Exhibit A.) This Notice of Removal is filed timely, within 30 days of Defendants' first receipt of the Summons, Civil Case Information Statement, and Complaint.

2. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) for the following reasons:

(a) Plaintiff Victorico Perez-Morales is a resident of the State of New Jersey. (Compl. Introduction.)

(b) ITW is, and was at all relevant times, a Delaware corporation with its principal place of business in Illinois.

(c) ITW FEG is, and was at all relevant times, a Delaware limited liability company. ITW FEG has two members: FEG Investments LLC and PT2 Holdings, Inc. The first member of ITW FEG, FEG Investments LLC, has one member: Hobart Corporation. Hobart Corporation is, and was at all relevant times, a Delaware corporation with its principal place of business in Ohio. Therefore, Hobart Corporation is a citizen of Delaware and Ohio. 28 U.S.C. § 1332(c)(1). Accordingly, FEG Investments LLC is, and was at all relevant times, a citizen of Delaware and Ohio. *Belleville Catering Co. v. Champaign Mkt. Place*, 350 F.3d 691, 692 (7th Cir. 2003) (holding limited liability companies are citizens of every state of which any member is a citizen); *see also C.T. Carden v. Arkoma Ass'n*, 494 U.S. 185, 195-96 (1990) (holding diversity jurisdiction in a suit by or against an entity other than a corporation depends on the citizenship of all the members). The second member of ITW FEG, PT2 Holdings, Inc., is, and was at all relevant times, a Delaware corporation with its principal place of business in Delaware. Therefore, PT2 Holdings, Inc. is a citizen of Delaware. 28 U.S.C. § 1332(c)(1). Because the only two members of ITW FEG are citizens of Delaware and Ohio, ITW FEG is a citizen of Delaware and Ohio.

(d) Upon information and belief based upon the allegations in the Complaint, the matter in controversy now exceeds, and exceeded when the state action was commenced, the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Plaintiff alleges that he was "severely and permanently injured" when he caught his hand in a meat grinder. (Compl. First Count ¶ 6, Second Count ¶ 4.) Plaintiff contends that his hand was amputated, "causing serious injuries, and other physical and mental injuries," that he "will in the

future endure pain and suffering and loss of enjoyment of life," that he has "lost earnings and will in the future lose earnings," and that he will incur further expenses, including medical treatment. (*Id.*) Upon information and belief, based on the nature of the injuries alleged and Plaintiff's claims in the state action for compensatory damages, the amount in controversy exceeds the sum of $75,000.00.

3. Removal to this Court is proper as this District includes the County where the state action is pending.

4. By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objections as to service, personal jurisdiction, and all other defenses.

5. Written Notice of this Notice of Removal will be served on Plaintiff and filed with the Superior Court of New Jersey, Law Division, Monmouth County pursuant to the requirements of 28 U.S.C. § 1446(d).

**WHEREFORE**, this action is removed from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey, Trenton Division.

Dated: March 22, 2011

SCHNADER HARRISON SEGAL & LEWIS LLP

/s/ *Carl J. Schaerf*
Carl J. Schaerf, Esq. (CS-5031)
140 Broadway, Suite 3100
New York, NY  10005
Telephone:  (212) 973-8000
Facsimile:  (212) 973-8005
cschaerf@schnader.com
*Attorneys for Defendants*
*Illinois Tool Works Inc. and*
*ITW Food Equipment Group LLC*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Notice of Removal was served by United States regular mail this 22nd day of March, 2011, on:

>Scott M. McPherson, Esq.
>Escandon, Fernicola, Anderson & Covelli
>301 Main St.
>P.O. Box 211
>Allenhurst, NJ  07711
>*Attorney for Plaintiff*

>/s/ Carl J. Schaerf
>Carl J. Schaerf, Esq. (CS-5031)
>*Attorneys for Defendants*
>*Illinois Tool Works Inc. and*
>*ITW Food Equipment Group LLC*